# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREW J. OSTROWSKI d/b/a PENNSYLVANIA CIVIL RIGHTS LAW NETWORK,**[1] : <br><br> **Plaintiff,** : <br><br> v. : <br><br> **AMERICAN SYSTEM OF JUSTICE,** : **et al.,** <br> : <br> **Defendants.** | **CIVIL ACTION NO. 1:17-0788** <br><br> **(MANNION, D.J.)** <br> **(SAPORITO, M.J.)** |

## MEMORANDUM

Before the court is the plaintiff's appeal from a June 7, 2017 Order issued by Magistrate Judge Joseph F. Saporito, Jr. (Doc. 9). This Order temporarily disposed of the plaintiff's second motion for leave to proceed *in*

---

[1] In his complaint caption, the plaintiff Andrew J. Ostrowski has listed himself as a plaintiff in this action, both individually and "on behalf of every American." In addition, he has included as plaintiffs his organization, the Pennsylvania Civil Rights Law Network, and "The Body of Christ," a common religious reference that includes all persons belonging to the Christian faith and/or church as a collective group. The plaintiff's organization, presuming it is a legitimate one, and the allegorical entity referenced in his complaint may not proceed *in forma pauperis*. *Rowland v. California Men's Colony*, 506 U.S. 194, 202–203 (1993) (holding only natural persons may proceed *in forma pauperis*). If the plaintiff seeks to represent his organization and an allegorical entity in this court, he is reminded that "[a]n attorney suspended for more than three (3) months . . . may not resume practice until reinstated" by the court. LR 83.26.1. Further, any misconduct, as defined by the local rules, will subject the attorney to possible disciplinary action. LR 83.23.1.

*forma pauperis* ("IFP"). (Doc. 8). Based on the foregoing, the plaintiff's appeal is **DISMISSED** and Judge Saporito's June 7, 2017 Order is **AFFIRMED**.[2]

Judge Saporito's June 7, 2017 Order did not address the substance of the plaintiff's request to file IFP. Instead, the plaintiff's second motion was dismissed without prejudice and the plaintiff was instructed to either complete a proper application to proceed IFP so that Judge Saporito could thoroughly address the plaintiff's IFP request or pay the requisite filing fee. This was the second time the plaintiff had been advised by court order that a proper form would be required to proceed IFP. (*See* Doc. 5). The plaintiff was granted fourteen (14) days to comply with the Order. Instead of complying, on June 20, 2017, thirteen days after Judge Saporito's issuance of the Order, the plaintiff filed the current appeal, including a brief in support and declaration. (Docs. 9–11).

The plaintiff's appeal is both frivolous and premature. The first two arguments listed in the plaintiff's brief suggest that Judge Saporito's Order disposed of the substance of the plaintiff's second motion to proceed IFP, which it clearly did not. In his third and final argument, the plaintiff appears

---

[2] In several instances throughout his briefing the plaintiff misidentifies Judge Saporito as the "Magistrate" or "Magistrate Saporito." The title magistrate no longer exists in the United States Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990 §321, Pub. L. No. 101-650, 104 Stat. 5089 (1990) ("After the enactments of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). The plaintiff is reminded to use the correct title, in the future, when referring to Judge Saporito.

2

confused by Judge Saporito's reliance on 28 U.S.C. §1915 (the "IFP statute") because he is not a prisoner. Judge Saporito's citation to and reliance on the IFP statute is clearly proper.

The IFP statute states, in part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. §1915(a)(1). This provision refers to both "person[s]" and "prisoner[s]," which, to a layman, might indicate that it applies only to prisoners. A brief review of the law would reveal that this language is the result of the Prison Litigation Reform Act ("PLRA"), PUB. L. NO. 104-134, 110 STAT. 1321 (1996). *See generally Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311–312 (2001) (discussing the PLRA and describing its enactment as a response to the heavy volume of frivolous prisoner litigation). More importantly, this provision has consistently been interpreted to apply to both prisoners and nonprisoners despite the inconsistent language that references the PLRA. *E.g., Andrews v. Cervantes*, 493 F.3d 1047, 1051 n. 1 (9th Cir. 2007); *Lister v. Dep't of Treasury,* 408 F.3d 1309, 1312 (10th Cir. 2005); *Martinez v. Kristie Kleaners, Inc.*, 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004); *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997); *Beaver v. Union Cty. Pa.*, No. 4:13-CV-2542, 2014 WL 6983242, at *2 (M.D. Pa. Dec. 9, 2014); *see also*

3

*Vora v. Michaels*, 613 F. App'x 132 (2015) (applying 28 U.S.C. §1915 to a nonprisoner). As such, Judge Saporito's Order, which conforms to the requirements of 28 U.S.C. §1915, is clearly proper even though the plaintiff is not a prisoner.

The plaintiff's appeal is, at this time, premature. The court will dismiss his appeal so that he may thoroughly review Judge Saporito's Order, while also providing the plaintiff with additional time to comply. The plaintiff has provided this court with a declaration stating, in summary form, his financials. (Doc. 11). This information was not presented to Judge Saporito at the time the plaintiff's second motion was pending. While this information is helpful, it does not comply with Judge Saporito's June 7, 2017 Order. The plaintiff should comply with Judge Saporito's instructions and is reminded that, while there is a fundamental right to access the courts, the right to proceed *in forma pauperis* in a civil case is a privilege, not a constitutional right. *Shahin v. Sec'y of Del.*, 532 F. App'x 123 (3d Cir. 2013) (*per curiam*). As such, it is subject to limitations. *Abdul-Akbar*, 239 F.3d at 316. Accordingly, the matter will be remanded back to Judge Saporito for further proceedings. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: July 6, 2017**