# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW J. OSTROWSKI d/b/a PENNSYLVANIA CIVIL RIGHTS LAW NETWORK, : : : | |
| **Plaintiff,** : | **CIVIL ACTION NO. 1:17-0788** |
| v. : | **(MANNION, D.J.)** |
| AMERICAN SYSTEM OF JUSTICE, : et al., : : | **(SAPORITO, M.J.)** |
| **Defendants.** | |

## MEMORANDUM

Before the court is a July 24, 2017 Report and Recommendation of Magistrate Judge Joseph F. Saporito, Jr. (Doc. 15). Judge Saporito[1] recommends that the plaintiff's action, in this case his amended complaint, (Doc. 6), be dismissed without prejudice for failure to pay the requisite filing and administrative fees. On August 8, 2017, the plaintiff filed objections to Judge Saporito's report, along with a brief in support. (Docs. 16–17). Based on the following discussion, Judge Saporito's report will be **ADOPTED IN ITS**

---

[1] In several instances throughout his briefing the plaintiff misidentifies Judge Saporito as the "Magistrate" or "Magistrate Saporito." The title magistrate no longer exists in the United States Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990 §321, PUB. L. NO. 101-650, 104 STAT. 5089 (1990) ("After the enactments of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). On July 6, 2017 the plaintiff was advised to use the correct title, in the future, when referring to Judge Saporito. (Doc. 13 at 2 n. 2). Despite this, the plaintiff continues to refer to Judge Saporito as the "Magistrate" or "Magistrate Saporito" in his current filings. The court reminds the plaintiff a second time to use the appropriate title when referring to magistrate judges in this court.

**ENTIRETY** and the plaintiff's amended complaint will be **DISMISSED WITHOUT PREJUDICE**.

I. **BACKGROUND**

On May 3, 3017, the plaintiff filed a *pro se* civil complaint in this court along with a typed motion for leave to proceed *in forma pauperis* ("IFP") which did not provide any of the plaintiff's financial information. (Docs. 1–2). On May 9, 2017, Judge Saporito denied the plaintiff's motion and provided the plaintiff with an IFP application form that solicits financial information from litigants seeking to avoid the normal $400.00 filing and administrative fee. Instead of completing this form, on June 6, 2017, the plaintiff filed an amended complaint[2] along with a second, typed motion for leave to proceed IFP. (Docs. 6–7). In this second set of filings, the plaintiff added the "issue" of the constitutionality of the requirement of fees, (Doc. 7 ¶1), perhaps believing that this would obviate the need to complete the court's IFP application form.

---

[2] The plaintiff's amended complaint, like his original complaint, can frankly be described as a nonsensical tirade against various persons, governmental entities, judicial entities, and religious personalities alleging violations of constitutional and biblical text in no coherent order. In particular, the plaintiff takes issue with (1) the Pennsylvania Supreme Court and the entire Unified Judicial System of Pennsylvania due to disciplinary proceedings initiated against him that suspended him of his license to practice law; (2) the Federal Reserve System as an evil institution "conceived under the cloak of darkness"; and (3) Facebook as the agent of various entities, including Satan himself, for having an evil policy of "banning pure love." (Doc. 6).

2

On June 7, 2017, Judge Saporito denied the plaintiff's IFP motion a second time and instructed the plaintiff to either pay the filing fee or complete the IFP application form within fourteen (14) days. (Doc. 8). Instead of complying with Judge Saporito's June 7, 2017 Order, on June 20, 2017, the plaintiff appealed the Order and attempted to raise the constitutionality of the IFP statute and the requirement of fees in his appeal, an issue forming part of the basis of his amended complaint. (Doc. 9). In essence, the plaintiff's appeal was an attempt to have this court directly address both his amended complaint and second, typed motion to proceed IFP despite his failure to comply with Judge Saporito's directive to complete the court's IFP application form. Although the plaintiff vigorously asserted his constitutional right to file without paying fees in his appeal, the plaintiff also filed a declaration with his appeal, (Doc. 11), indicating the following financials:

> I have less than $500 in my checking account, $5 in a savings account, approximately $200 cash on hand, monthly living expenses of approximately $1200, and revenues (gifts, donations, compensation) on average of approximately $1200-$1500 or so per month. I own a car worth very little (maybe a thousand dollars, but has not been shopped), and asserted "debts" exceeding $100,000.

Notable, this information did not provide the itemized information required by the court's IFP application form. (*Compare* Doc. 5-1, *with* Doc. 11).

On July 6, 2016, the court issued an order and memorandum affirming Judge Saporito's June 7, 2017 Order and denying the plaintiff's appeal as frivolous and premature. (Docs. 13–14). In reaching this decision, the court

3

noted that Judge Saporito had not reached the substance of the plaintiff's request to proceed IFP and had solely required a completed form. The court also explained to the plaintiff that Judge Saporito's reliance on 28 U.S.C. §1915 (the "IFP statute") was proper even though the plaintiff was not a prisoner. The court also reminded the plaintiff that the right to proceed IFP in a civil case is a privilege, not a constitutional right, *Shahin v. Sec'y of Del.*, 532 F. App'x 123 (3d Cir. 2013) (*per curiam*), and as such, it is subject to limitations, *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 316 (3d Cir. 2001). The court granted the plaintiff an additional seven (7) days to comply with Judge Saporito's Order and remanded for further proceedings.

In an apparent act of defiance, the plaintiff did not complete the court's IFP form. Naturally, on July 24, 2017, Judge Saporito issued the current report recommending that the plaintiff's action be dismissed without prejudice for failure to pay the requisite filing and administrative fee. The plaintiff objects, raising four alternative arguments, two of which are based on constitutional grounds. None of these arguments have any merit and will be overruled.

## II. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review those portions of the report to which objections are made *de novo*. 28 U.S.C. §636(b)(1); *Brown v. Astrue,*

649 F.3d 193, 195 (3d Cir. 2011). The extent of review, however, is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)) (explaining that judges should give some review to every report and recommendation). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.3.

### III.  DISCUSSION

The plaintiff asserts four alternative arguments in objecting to Judge Saporito's report and recommendation as follows:

(1)  The payment of any filing fee is unconstitutional;

>   (2) The amount of the payment is unconstitutional;
>
>   (3) The court should grant discretionary relief and allow the plaintiff to pay the fee in installments; and
>
>   (4) The court should consider the plaintiff's declaration to be in compliance with the IFP statute.

The above objections are without merit and will be overruled.

With respect to the constitutionality of requiring civil litigants to pay filing fees, the plaintiff's first two arguments, the Third Circuit Court of Appeals has succinctly explained as follows:

> [T]he right of access to the courts is not absolute. Courts presented with this issue have consistently held that merely requiring a prisoner to pay filing fees in a civil case does not, standing alone, violate that prisoner's right of meaningful access to the courts. We agree. . . .
>
> The Court has recognized only a "narrow category of civil cases in which the State must provide access to its judicial processes without regard to a party's ability to pay court fees." An unconditional right of access exists for civil cases only when denial of a judicial forum would implicate a fundamental human interest—such as the termination of parental rights or the ability to obtain a divorce.

*Abdul-Akbar*, 239 F.3d at 317 (internal citations omitted) (quoting *M.L.B. v. S.L.J.*, 519 U.S. 102, 113 (1996)). There is no "unlimited rule that an indigent at all times and in all cases has the right to relief without the payment of fees." *United States v. Kras*, 409 U.S. 434, 450 (1973).

6

Nothing in the plaintiff's amended complaint implicates a fundamental human interest.[3] Moreover, he is not being denied access to the courts on all terms. This court requires that he complete a form so that the court can evaluate his entitlement to IFP status under the IFP statute. The court reiterates that the right to proceed IFP in a civil case is a privilege, not a constitutional right, *Shahin*, 532 F. App'x at 123, and is subject to limitations, *Abdul-Akbar*, 239 F.3d at 316. In this instance, the limitation is the requirement that the plaintiff properly complete an IFP application form allowing the court to fully evaluate his request and qualify him as indigent. His complaint will be dismissed without prejudice, which allows him to refile his complaint with the court with all properly completed papers or the payment of the filing and administrative fee.[4]

With respect to the plaintiff's final arguments, the court cannot establish the plaintiff's entitlement to IFP status or, in the alternative, his entitlement to discretionary relief in the form of installment payments without the information

---

[3] *See* supra, n. 2.

[4] Judge Saporito's recommendation to dismiss the amended complaint without prejudice and the court's decision to adopt that recommendation is made despite the fact that the plaintiff is experienced in the law and, therefore, understands the importance of complying with court orders. *See* 204 PA. CODE §99.3.11 ("A lawyer should be considerate of the time constraints and pressures on the court in the court's efforts to administer justice and make every effort to comply with schedules set by the court."). While the plaintiff spends much of his briefing time citing to the alleged failure of Judge Saporito, he would be best served as his own advocate by complying with court directives.

7

requested in the court's standardized IFP application form. "It is the plaintiff's burden to prove entitlement to IFP status." *Galloway v. Pennsylvania*, No. 13-960, 2013 WL 5231412, at \*3 (W.D. Pa. Sept. 17, 2013). The plaintiff's declaration with the court includes bald statements that the plaintiff earns a certain amount, receives a certain amount, and has little possessions. (Doc. 11). There is no indication of who provides those earnings, who is owed what debt, and in what amounts. (*Compare* Doc. 5-1, *with* Doc. 11). This is not sufficient.

If the plaintiff refuses to provide financial information in the form required by the court he cannot expect the court to give proper consideration to his IFP request. If the plaintiff chooses to refile and provide this information, the court will properly reevaluate the plaintiff's request for IFP status. If he fails to file the proper information, the case will be dismissed with prejudice for failure to comply with this court's orders. Accordingly, Judge Saporito's July 24, 2017 Report and Recommendation, (Doc. 15), will be **ADOPTED IN ITS ENTIRETY** and the plaintiff's second amended complaint, (Doc. 6), will be **DISMISSED WITHOUT PREJUDICE**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 18, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-0788-02.wpd